Juncos Central Company, Appellant, *v.* Registrar of Caguas, Respondent.

Appeal from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 482.—Decided February 11, 1921.

Record of Title—Power of Attorney—Community Property.—A power of attorney in which the wife authorizes the husband ''to sell * * * any rural or town properties that she now owns or may acquire in the future for such prices as he may deem profitable * * * '' does not authorize the

attorney in fact to sell properties belonging to the conjugal partnership composed of the husband and wife.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On June 9, 1920, Tomás Subirana appeared before a notary public and executed a deed conveying a condominium to The Juncos Central Company, Subirana acting as attorney in fact of the owners of the condominium, Julio Gay and Jeanne Pujos, his wife.

The document was presented in the registry and the registrar refused to record it because the power of attorney given by the wife was not exhibited nor copied into the deed. This requirement of the registrar was then complied with and he again refused to record the deed because the power was not sufficient for the conveyance of community property and that was the character of the condominium conveyed.

The power which Subirana had was conferred upon him by Julio Gay in his own behalf and as the attorney in fact of his wife, and the power conferred by Jeanne Pujos upon her husband contains the following clause:

"To sell absolutely or conditionally any rural or urban property which she now owns or may acquire in the future for such a price as he may consider satisfactory.   *   *   * "

It is admitted that Gay had authority to delegate the power conferred upon him by his wife. The question is only whether the clause above transcribed is sufficient for the conveyance of real property belonging to the community.

That question is not a new one. Recently in the case of *Beauchamp* v. *Registrar of Aguadilla,* 27 P. R. R. 356, this court reaffirmed the following doctrine:

"In accordance with the settled 'jurisprudence of this court, a power of attorney authorizing the attorney in fact to 'purchase, sell, etc., properties of any kind belonging to the principal' does not

confer upon him authority to sell properties that belong to the conjugal partnership composed of the principal and her husband."

See also the cases of *Alvarez* v. *Registrar of San Germán, ante,* page 78; *López Landrón* v. *Registrar of Property,* 15 P. R. R. 703; *Rodríguez* v. *Registrar of Property,* 14 P. R. R. 754, and *Vidal* v. *Registrar of Property,* 12 P. R. R. 152.

The decision appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.